IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | |
|---|---|
| **JESUS ROBERTO ALMEIDA,** § | |
| Plaintiff, § | |
| v. § | **NO. 3:14-CV-00143-RFC** |
| §  | |
| **CAROLYN W. COLVIN,** § | |
| **Acting Commissioner of Social Security** § | |
| **Administration,** § | |
| Defendant. § | |

## MEMORANDUM OPINION AND ORDER

This is a civil action seeking judicial review of an administrative decision. Jurisdiction is predicated upon 42 U.S.C. § 405(g). Both parties having consented to trial on the merits before a United States Magistrate Judge, the case was transferred to this Court for trial and entry of judgment pursuant to 28 U.S.C. § 636(c), and Rule CV-72 and Appendix C to the Local Court Rules for the Western District of Texas.

Plaintiff appeals from the decision of the Commissioner of the Social Security Administration ("Commissioner") denying his applications for disability insurance benefits ("DIB") under Title II of the Social Security Act and supplemental security income ("SSI") under Title XVI of the Social Security Act. For the reasons set forth below, this Court orders that the Commissioner's decision be **AFFIRMED**.

## PROCEDURAL HISTORY

On May 11, 2009, Plaintiff filed his applications for DIB and SSI, alleging a disability onset date of April 15, 2009. (R:248, 256) His applications were initially denied on July 13, 2009, and again upon reconsideration on October 12, 2009. (R:113, 123) Plaintiff filed a request for a hearing, which was conducted on September 29, 2010. (R:32-54) The Administrative Law Judge ("ALJ") issued a decision on April 20, 2011, finding that Plaintiff was not disabled and denying benefits. (R:88-99)

Plaintiff requested review of the ALJ's decision, and on May 1, 2012, the Appeals Council ("AC") granted Plaintiff's request and remanded the case to the ALJ to further evaluate Plaintiff's mental impairments, his residual functional capacity ("RFC"), the availability of other work, and the impact, if any, of drug addiction and alcoholism on his ability to work. (R:107-109) Upon remand, the ALJ decided on March 20, 2013, that Plaintiff was not disabled. (R:12-24) On February 24, 2014, the AC denied Plaintiff's request for review. (R:1-6) Plaintiff had also filed a subsequent application for DIB benefits on July 22, 2011. That application was consolidated with the remand of his prior applications. The ALJ's decision and this Court's decision address all three applications. (R:12)

## ISSUE

Plaintiff contends that the ALJ erred when she failed to consider whether Plaintiff was capable of not only obtaining but also maintaining employment for a significant period of time. (Doc. 19:3) Consequently, Plaintiff seeks a reversal and remand for an award of benefits or for further administrative proceedings. (Doc.19:6) Defendant responds that the ALJ used the proper legal standards, and that substantial evidence supports the ALJ's findings and conclusions. (Doc. 20:4-10)

## DISCUSSION

### *I. Standard of Review*

This Court's review is limited to a determination of whether the Commissioner's decision is supported by substantial evidence, and whether the Commissioner applied the proper legal standards in evaluating the evidence. *See* 42 U.S.C. § 405(g); *Masterson v. Barnhart*, 309 F.3d 267, 272 (5th Cir. 2002); *Martinez v. Chater*, 64 F.3d 172, 173 (5th Cir. 1995). Substantial evidence "is more than a mere scintilla, and less than a preponderance." *Masterson*, 309 F.3d at 272. The Commissioner's findings will be upheld if supported by substantial evidence. *Id*. A finding of no substantial evidence will be

made only where there is a conspicuous absence of credible choices or no contrary medical evidence. *Abshire v. Bowen*, 848 F.2d 638, 640 (5th Cir. 1988).

In applying the substantial evidence standard, the court may not reweigh the evidence, try the issues *de novo*, or substitute its own judgment for the Commissioner's, even if it believes the evidence weighs against the Commissioner's decision. *Masterson*, 309 F.3d at 272. Conflicts in the evidence are for the Commissioner and not the courts to resolve. *Id.*; *Spellman v. Shalala*, 1 F.3d 357, 360 (5th Cir. 1993).

## II. Evaluation Process

The ALJ evaluates disability claims according to a sequential five-step process: (1) whether the claimant is currently engaged in substantial gainful activity; (2) whether the claimant has a severe medically determinable physical or mental impairment; (3) whether the claimant's impairment(s) meet or equal the severity of an impairment listed in 20 C.F.R. Part 404, Subpart B, Appendix 1; (4) whether the impairment prevents the claimant from performing past relevant work; and (5) whether the impairment prevents the claimant from doing any other work. 20 C.F.R. § 404.1520. The claimant bears the burden of proof at the first four steps of the analysis. *Leggett v. Chater*, 67 F.3d 558, 564 (5th Cir. 1995). Once this burden is met, the burden shifts to the Commissioner to show that there is other substantial gainful employment available that the claimant is capable of performing. *Anderson v. Sullivan*, 887 F.2d 630, 632 (5th Cir. 1989). The Commissioner may meet this burden by the use of opinion testimony of vocational experts ("VE") or by the use of administrative guidelines provided in the form of regulations. *Rivers v. Schweiker*. 684 F.2d 1144, 1155 (5th Cir. 1982). If the Commissioner adequately points to potential alternative employment, the burden then shifts back to the claimant to prove that he is unable to perform the alternative work. *Anderson v. Sullivan*, 887 F.2d at 632.

In the present case, the ALJ found that Plaintiff had severe impairments of: an inguinal hernia, a depressive disorder, a personality disorder, NOS; and, a history of alcohol and drug abuse. (R:14) The ALJ determined that none of Plaintiff's impairments, either alone or in combination, met or medically equaled the criteria of any listed impairment. (R:15) After considering the entire record, she determined that Plaintiff retained the RFC to perform medium work, except that he was limited to understanding, remembering, and carrying out simple instructions; he was able to perform only simple tasks for two hours at a time without requiring redirection to task; he could have no contact with the general public; he could not work as a part of a close-knit team with other co-workers or supervisors; and, he required work involving no more than occasional change in the routine work setting. (R:16) At step four, the ALJ determined that Plaintiff retained the capacity to perform his past relevant work as a care provider and a battery changer. (R:23) Alternatively, at step five, the ALJ found that based on Plaintiff's age, education, work experience, the RFC finding, and considering VE testimony, Plaintiff was capable of making a successful adjustment to other work that exists in significant numbers in the national economy. (R:23-24) Consequently, he found that Plaintiff was not disabled.

### III. The ALJ's Determination of Plaintiff's Residual Functional Capacity

Plaintiff contends that substantial evidence does not support the ALJ's determination that he is disabled because the ALJ failed to consider whether Plaintiff was capable of not only obtaining but also maintaining employment for a significant period of time. A review of the record shows that this contention lacks merit.

RFC is the most an individual can still do despite his limitations. 20 C.F.R. § 404.1545; SSR 96-8p. The responsibility to determine the Plaintiff's RFC belongs to the ALJ. *Ripley v. Chater*, 67 F.3d 552, 557 (5th Cir. 1995). In making this determination, the ALJ must consider all the record evidence and determine the Plaintiff's abilities despite his physical and mental limitations. *Martinez*

4

*v. Chater*, 64 F.3d 172, 176 (5th Cir. 1995). The ALJ must consider the limiting effects of an individual's impairments, even those that are non-severe, and any related symptoms. *See* 20 C.F.R. §§ 404.1529, 404.1545; SSR 96-8p. The relative weight to be given the evidence is within the ALJ's discretion. *Chambliss v. Massanari*, 269 F.3d 520, 523 (5th Cir. 2001). The ALJ is not required to incorporate limitations in the RFC that he did not find to be supported in the record. *See Morris v. Bowen*, 864 F.2d 333, 336 (5th Cir. 1988).

It is Plaintiff's burden to establish disability and to provide or identify medical and other evidence of his impairments. *See* 42 U.S.C. § 423(d)(5); 20 C.F.R. § 404.1512(c). A medically determinable impairment must be established by acceptable medical sources. 20 C.F.R. § 404.1513(a). Plaintiff's own subjective complaints, without objective medical evidence of record, are insufficient to establish disability. *See* 20 C.F.R. §§ 404.1508, 404.1528, 404.1529. Furthermore, the mere presence of an impairment is not disabling *per se*. *Hames v. Heckler* 707 F.2d 162, 165 (5th Cir. 1983).

Plaintiff's only issue on appeal is that the ALJ erred by not considering his ability to maintain employment. The Fifth Circuit has observed that "an ability to perform work on a regular and continuing basis is inherent in the definition of RFC." *Dunbar v. Barnhart*, 330 F.3d 670, 672 (5th Cir. 2003); Social Security Ruling ("SSR") 96-8P, 1996 WL 374184, at *1-2. The ALJ does not have to make a specific finding regarding a claimant's ability to maintain employment in every case; rather, that is only required when the nature of the claimant's impairment waxes and wanes in its manifestation of disabling symptoms. *Perez v. Barnhart,* 415 F.3d 457, 465 (5th Cir. 2005); *Frank v. Barnhart*, 326 F.3d 618 (5th Cir. 2003). The *Dunbar* court held that, "absent evidence that a claimant's ability to maintain employment would be compromised despite his ability to perform employment as an initial matter, or an indication that the ALJ did not appreciate that an ability to perform work on a regular and continuing basis is inherent in the definition of RFC," a specific finding regarding the ability to

maintain employment is not required. *Dunbar*, 330 F.3d at 672; *see Watson v. Barnhart*, 288 F.3d 212, 218 (5th Cir. 2002) (discussing the type of evidence necessary to support finding that a claimant was not able to maintain a job for any meaningful period of time).

The ALJ complied with relevant legal standards in determining Plaintiff's RFC. She cited 20 C.F.R. § 404.1545 and SSR 96-8P as part of her consideration in arriving at her determination. (R:14) Both provisions define RFC as the ability to do physical and mental work activities on a sustained basis. Thus, it is clear that the ALJ appreciated these nuances of the RFC definition and did not run afoul of the relevant portion of the *Dunbar* requirement. *Dunbar*, 330 F.3d at 672.

The ALJ determined that Plaintiff's testimony and claims regarding his ability to work were not fully credible. (R:17-22) This conclusion is inescapable, inasmuch as Plaintiff's testimony and claims were vague and disingenuous. On the one hand, he has either applied for or has been receiving unemployment benefits from 2009 through 2012. (R:64-65) Such application and receipt required that he certify that he was willing and able to work those years, which cover the adjudicated period relevant to Plaintiff's claims, and contradict his assertions that he was unable to work. On one occasion, Plaintiff indicated that he stopped working because his father died. (R:312) He did not think he could take care of another person. (R:69) When asked what the doctors told him regarding his mental condition, he testified that they did not tell him much. (R:42) Finally, when asked by his own attorney if he could perform his past relevant work as a battery changer, he testified he could not, simply because "I don't want to." (R:49) Thus, his inability to work stems from motivational reasons, rather than from a mental impairment which waxes and wanes.

The ALJ concluded that the medical evidence did not document any underlying medically determinable impairment that would account for the fact that Plaintiff becomes bored when he works, walks off the job, or was unable to hold a job for more than two months. (R:22) The Court has scoured

the entire record and reaches the same conclusion. The Fifth Circuit has made it clear that a determination that a claimant is unable to work for significant periods of time must be supported by medical evidence. *Singletary v. Bowen,* 792 F.2d 818, 822 (5th Cir. 1986).

Plaintiff has failed to establish a mental or memory impairment which, by its very nature, waxes and wanes in its manifestation of disabling symptoms, thus preventing him from maintaining employment. The record does not establish that his symptoms, if any, wax and wane; rather, it appears that Plaintiff contends that he cannot work at all. The evidence required by *Dunbar*–that Plaintiff could start working but could not continue–is completely lacking here. Plaintiff has failed to establish a factual predicate required to necessitate a separate finding regarding the ability to maintain employment. *Frank v. Barnhart*, 326 F.3d 618, 620 (5th Cir. 2003). Based on such a record, the Court is satisfied that substantial evidence supports a determination that Plaintiff could obtain and maintain employment.

Finally, Plaintiff contends that the ALJ erred in giving Dr. Peter Fernandez's GAF score of 42 little weight. (Doc. 19:5-6) The ALJ did so because the score was inconsistent with Dr. Fernandez's evaluation and Plaintiff's reported level of functioning. (R:22) Dr. Fernandez observed that while Plaintiff presented with a flat affect, he was alert and fully oriented, spoke clearly and fluently, and exhibited no psychotic signs. (R:831-832) Dr. Fernandez opined that Plaintiff understood the meaning of filing for benefits and was able to manage benefit payments in his own interest, *inter alia.* (R:834) Plaintiff advised Dr. Fernandez that he was presently "self-employed"–cutting lawns and cleaning out sheds. (R:829) The reasons the ALJ provided are in line with the factors she is charged with considering and provide good cause. *See* 20 C.F.R. § 416.927. A review of the record makes clear that the ALJ's conclusions were justified, inasmuch as Plaintiff's capabilities made this GAF score implausible. Furthermore, Dr. Fernandez's score conflicted with the GAF scores assigned to Plaintiff

by all other physicians who assigned a score in this case. These included Dr. Barrientos, who assigned a GAF score of 65, and Dr. Schutte, who assigned a GAF score of 55. (R:631, 733)

A review of the objective medical evidence supports the ALJ's findings and RFC determination and ultimate non-disability determination. Plaintiff's subjective complaints are insufficient to support his claims of disability. Plaintiff has not challenged any of the ALJ's other findings. Consequently, the Court finds that substantial evidence supports the ALJ's decision and concludes that the ALJ's decision comports with relevant legal standards.

## CONCLUSION

Based on the foregoing, the Court hereby **ORDERS** that the decision of the Commissioner be **AFFIRMED** consistent with this opinion.

**SIGNED and ENTERED on March 23, 2016.**

_____
**ROBERT F. CASTANEDA**
**UNITED STATES MAGISTRATE JUDGE**